Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| FREDDIE ORTIZ PÉREZ  Recurrido  v.  FRANCHESKA VEGA SANTOS  Peticionaria | KLCE202301327 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan  Civil núm.: SJ2022RF01451 (703)  Sobre: Custodia |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

En un pleito de custodia, el Tribunal de Primera Instancia ("TPI") denegó ordenar que se realizara un informe social que complementase el informe preparado en abril de este año. Según se explica en detalle a continuación, hemos determinado no intervenir con el dictamen recurrido, pues no se cometió un error de derecho y, en las circunstancias de este caso, tampoco podemos concluir que el TPI hubiese abusado de su discreción.

I.

El 7 de noviembre de 2022, el Sr. Freddie Ortiz Pérez (el "Padre") presentó la acción de referencia, sobre custodia (la "Demanda"), en contra de la Sa. Francheska Vega Santos (la "Madre"). Está en controversia la custodia de la hija menor de las partes (L.O.V. o la "Menor").

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202300548).

Número Identificador
RES2023_____

Al cabo de varios incidentes procesales, el 13 de abril de 2023, la Sa. Linette Soto Román, trabajadora social de la Unidad Social, presentó un Informe Social (el "Informe"). En síntesis, recomendó conceder al Padre la custodia provisional de la Menor, así como establecer un plan de relaciones maternofiliales mediante visitas supervisadas todos los domingos en horario de 10:00 am a 3:00 pm. El TPI le concedió un término a las partes para que expresaran las razones para no acoger el referido *Informe.*

El 2 de mayo, la Madre presentó una *Moción Sobre Impugnación de Informe Social; Anunciando Perito de Impugnación y Solicitud de Orden a la Trabajadora Social para la Producción de Documentos.* Informó su intención inequívoca de impugnar el Informe y sus recomendaciones. Además, expuso las razones para ello y anunció como su perito al Dr. Larry Emil Alicea. Consecuentemente, solicitó que se autorizara al perito a revisar el Informe y las evaluaciones realizadas. Además, pidió que se le concediera un término para presentar su informe pericial y se candelarizara el procedimiento de impugnación del Informe.

El 4 de mayo, el TPI acogió provisionalmente las recomendaciones del Informe, mientras se atendía el proceso de impugnación. Así pues, le concedió al Padre la custodia de la Menor y estableció un plan de relaciones maternofiliales. Inconforme, la Madre presentó un recurso de *certiorari* (KLCE202300548), como resultado de lo cual revocamos el referido dictamen.

Continuados los procedimientos ante el TPI, el 11 de julio, la Madre presentó el informe de su perito. El TPI pautó la celebración de la vista de impugnación del Informe Social para los días 8, 21 y 22 de septiembre, mediante videoconferencia.

El 1 de septiembre, el representante legal de la Madre presentó una *Urgente Moción de Relevo de Representación Legal.* El 5 de septiembre, el TPI concedió el relevo solicitado y le ordenó a la

Madre anunciar nueva representación legal en un término de veinte (20) días.

El 8 de septiembre, el TPI celebró una vista de seguimiento. Escuchadas las partes, se reseñaló la vista de impugnación del Informe Social para el 26 de septiembre.

El día antes del referido señalamiento (25 de septiembre), la Madre, por derecho propio, instó una *Urgente Moción en Solicitud de Informe Complementario y en Solicitud de Prórroga*. La Madre solicitó un Informe Social Complementario para actualizar el Informe. Arguyó que en el Informe la custodia paterna se recomendó solo hasta que ella culminara el plan de servicios del Departamento de la Familia. Afirmó que ya había culminado satisfactoriamente dicho plan de servicios. Añadió que no había podido contratar servicios legales debido a la proximidad de la fecha de la vista de impugnación. Así pues, solicitó que se realizara un informe complementario y se le concediera una prórroga adicional de treinta (30) días.

El 26 de septiembre, el TPI emitió una Orden en la cual le concedió a la Madre un término adicional para anunciar representación legal. Además, señaló la vista de impugnación para el 25 de octubre.

El 23 de octubre, la Madre incoó una *Moción Asumiendo Representación Legal*. Al día siguiente, presentó una *Urgente Moción Reiterando Solicitud de Informe Complementario*. Destacó varios cambios en la información en la que se fundamentaba el Informe y que la propia trabajadora social recomendó actualizarlo en un término de seis (6) meses, término que ya había transcurrido.

El 24 de octubre, el TPI emitió una Orden en la cual denegó la solicitud de informe complementario (la "Orden"). Mantuvo la celebración de la vista para el 25 de octubre y sostuvo que, de

**determinarse en la vista que era necesario una reevaluación social, así lo ordenaría**.

El 25 de octubre, la Madre interpuso una *Solicitud de Inhibición*. En igual fecha, el TPI dejó sin efecto la celebración de la vista de impugnación.

En desacuerdo, el 27 de noviembre[2], la Madre presentó el recurso que nos ocupa; solicita revisemos la Orden y formula los siguientes señalamientos de error:

> A. Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia, violentando el debido proceso de ley que le asiste a la peticionaria al denegar la confección del Informe Social Complementario a pesar de que el Informe Social Forense no cuenta con la información más completa, actual y necesaria ante los cambios medulares en las circunstancias de las partes, y de la menor.

> B. Erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al dictar Resolución denegando la actualización y/o Informe Complementario del Informe Social Forense a pesar de que la propia trabajadora social recomendó reevaluar el caso en 6 meses, y dicho término ya concluyó.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción. La referida Regla dispone lo siguiente: El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[2] Primer día laborable luego del 22 de noviembre.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  4 LPRA Ap. XXII–B, R. 40.

Los foros apelativos no deben intervenir con el ejercicio de discreción de los foros de primera instancia, salvo que se demuestre abuso de discreción, o algún error de derecho.  *García v. Asociación*, 165 DPR 311, 322 (2005).

III.

Concluimos que no debemos intervenir con la Orden.  Como cuestión de derecho, el TPI no estaba obligado a ordenar que se preparase un informe complementario únicamente porque hubiesen transcurrido seis meses desde que se sometió el Informe.  Por otra parte, los cambios que la Madre indica han ocurrido pueden ser objeto de prueba en la vista final y pueden ser considerados por el TPI al determinar cuánto peso otorgar al Informe.

Puesto de otra forma, será en la vista de impugnación que la Madre podrá exponer las razones por las que estima que el Informe debe ser rechazado, incluidas aquellas relacionadas con el transcurso del tiempo y con cualquier cambio o desarrollo posterior a la preparación del Informe.

De hecho, el TPI expresamente consignó que, dependiendo de la prueba que se presente, se podría ordenar la preparación de un informe complementario antes de emitir una decisión final.

En fin, por no haberse cometido algún error de derecho ni demostrado que el TPI hubiese de algún modo abusado de su discreción, no se justifica nuestra intervención en esta etapa.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones